

Cynthia Neidl
Tel 518.689.1435
Fax 518.689.1499
neidlc@gtlaw.com

June 30, 2025

**VIA ECF**

Honorable Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

      Re:    *Medina et al. v. New York State Division of Military and Naval Affairs et al.*,
             Case No.: 1:24-cv-01239-LJV

Dear Judge Vilardo:

      We represent Defendant Rapid Reliable Testing NY, LLC d/b/a DocGo ("DocGo"), and write in response to Plaintiffs' counsel's letter, dated June 27, 2025 (Dkt. No. 27), requesting to be relieved as counsel and that the case be dismissed without prejudice. For the foregoing reasons, DocGo respectfully requests that Plaintiffs' claims against DocGo be dismissed <u>with prejudice</u>.

      Plaintiffs' counsel did not exaggerate when he said this case has a tortured history. Plaintiffs initially commenced this case in the United States District Court, Southern District of New York on February 8, 2024. (S.D.N.Y. Case No. 1:24-cv-00951-CM). After failing to receive a second extension to serve the amended complaint, Plaintiffs voluntarily dismissed the case on June 27, 2024. Plaintiffs refiled the case in the SDNY on November 18, 2024. (S.D.N.Y. Case No. 1:24-cv-08512-NRB). The SDNY court *sua sponte* transferred the case to this Court in about December, 2024.

      On March 27, 2025, DocGo filed a motion to dismiss the claims against it pursuant to FRCP 12(b)(1), or alternatively, FRCP 10 and/or FRCP 12(b)(6). (Dkt. Nos. 23, 23-1). Among other things, DocGo established that Plaintiffs' allegations did not state any viable claim against DocGo. (Dkt. No. 23-1 at 18-26). Plaintiffs failed to file any response whatsoever to DocGo's motion. On May 27, 2025, the Court entered a Text Order directing Plaintiffs to show cause, on or before June 27, 2025, why their claims should not be deemed abandoned and dismissed. (Dkt. No. 24).

      Counsel's June 27, 2025 letter confirms that dismissal with prejudice is appropriate. Counsel has not been in contact with any of the Plaintiffs at least since the case was transferred to this Court months ago. Rather than seek direction from the Court or a stay of the case, Plaintiffs' counsel did nothing, which caused DocGo to incur the costs and expense of preparing a

Honorable Lawrence J. Vilardo
June 30, 2025
Page 2

comprehensive motion to dismiss. Although given more than adequate opportunity, Plaintiffs' counsel offers no argument in opposition to any of DocGo's arguments for dismissal.

Under the circumstances, DocGo respectfully requests that Plaintiffs' claims against DocGo be dismissed in their entirety and with prejudice. *See, e.g., Edwards v. DeJoy,* 2025 WL 101149, at *1 (W.D.N.Y. Jan. 15, 2025) (where plaintiff failed to oppose motion to dismiss, deeming claims abandoned and dismissing claims with prejudice); *Farag v. XYZ Two Way Radio Service, Inc.*, 2022 WL 3030346, at *7-8 (E.D.N.Y. Aug. 1, 2022) (deeming claims abandoned and dismissing them with prejudice); *Palmer v. BCE Inc.*, 2004 WL 1752601, at *2 (W.D.N.Y. Aug. 4, 2004) (same).

We appreciate the Court's time and attention to this matter.

Respectfully submitted,
GREENBERG TRAURIG, LLP

Cynthia Neidl

cc: All Counsel of Record (via ECF)
712509141v1